**NITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JAVIER CORTES-MARTINEZ,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>WARDEN, FCI FORT DIX,<br><br>　　　　　　Respondent. | Civil Action No. 23-20586 (KMW)<br><br>**MEMORANDUM ORDER** |

This matter comes before the Court on Petitioner Javier Cortes-Martinez/s petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Following an order to answer, the Government filed a response to the petition (ECF No. 8), to which Petitioner replied. (ECF Nos. 9-11.) By way of background, at the time he filed his petition, Petitioner was a federal prisoner confined at FCI Fort Dix. (ECF No. 1 at 1.) Through his habeas petition, Petitioner sought to have the Court order his placement into a residential facility in Puerto Rico which had refused to accept him. (*Id.*)

On June 6, 2024, the Government submitted an additional letter to the Court, arguing that this matter should now be dismissed as moot. (ECF No. 16.) In that letter, the Government informs the Court that Petitioner was released from BOP custody on May 17, 2024, and therefore can no longer serve any portion of his sentence in a residential reentry facility, and that his claim seeking such a placement therefore had become moot. (*Id.*)

Under Article III of the Constitution, federal courts will only have jurisdiction over a matter where there is a live case or controversy to be resolved. *See, e.g., Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings [and for jurisdiction to exist the] parties must continue to have a 'personal stake in the

outcome of the lawsuit.'" *Id.* (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990)). Thus, once a prisoner is released from custody, a habeas challenge to some aspect of his confinement will become moot absent a redressable, continuing, and concrete injury which persists after his release. *Id.*; *see also Burkey v. Marberry*, 556 F.3d 142, 146-50 (3d Cir. 2009). As Petitioner has been released from BOP custody and can no longer receive the residential placement he sought via his petition, his petition is clearly moot. *Spencer*, 523 U.S. at 7; *Burkey*, 556 F.3d at 146-50. Petitioner's petition must therefore be dismissed without prejudice as moot.

**IT IS THEREFORE** on this _7th_ _ day of June, 2024,

**ORDERED** that Petitioner's habeas petition (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** as moot; and

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon the Government electronically and upon Petitioner by regular mail, and shall **CLOSE** the file.

Hon. Karen M. Williams,
United States District Judge

2